78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilbur Jerome ROCHELL, Petitioner-Appellant,
v.
P.L. Keerna and Attorney General for State of California
Respondents-Appellees.
 No. 95-15641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilbur Jerome Rochell, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus. Rochell contends that he is entitled to habeas relief because (1) Cal.Penal Code § 209(b) is unconstitutionally vague and (2) his conviction for kidnapping for the purpose of robbery in violation of Cal.Penal Code § 209(b) was not supported by sufficient evidence. Rochell also contends that he was not given enough time to file a traverse.[1] We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Martineau v. Angelone, 25 F.3d 734, 738 (9th Cir.1994), and affirm.
 
 
 3
 * Vagueness
 
 
 4
 Rochell contends that Cal.Penal Code § 209(b) is impermissibly vague because it does not set forth the distance a victim must be transported in order to constitute kidnapping. This contention lacks merit.
 
 
 5
 "[A] statute is deemed void for vagueness if it fails to give adequate notice to people of ordinary intelligence of the prohibited conduct." Melugin v. Hames, 38 F.3d 1478, 1486 (9th Cir.1994). Section 209(b) punishes "any person who kidnaps or carries away any individual to commit robbery." The California Supreme Court has held, since 1969, that kidnap for robbery requires that the movement of the victim be more than merely incidental to the robbery and that it substantially increase the risk of harm to the victim above that normally present in the crime of robbery alone. See People v. Daniels, 459 P.2d 225, 238 (Cal.1969); see also People v. Rayford, 884 P.2d 1369, 1382-83 (Cal.1994) (adopting the same test for kidnapping for rape and holding movement of victim 105 feet was more than merely incidental).
 
 
 6
 We agree with the district court that Rochell had adequate notice that his actions were prohibited. See Melugin, 38 F.3d at 1486.
 
 II
 Sufficiency of the Evidence
 
 7
 Rochell next contends that his conviction for kidnapping for robbery was not supported by sufficient evidence. This contention lacks merit.
 
 
 8
 "A state prisoner may ... be entitled to federal habeas relief if he can show that the evidence adduced at trial was such that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Martineau, 25 F.3d at 738 (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)).
 
 
 9
 As stated above, kidnap for robbery requires movement of the victim that is not merely incidental to the commission of the robbery and substantially increases the risk of harm. See Rayford, 884 P.2d at 1382-83; Daniels, 459 P.2d at 238. Specifically, "a substantially increased potential for serious harm to the victim" is created when "the victim is forced to travel a substantial distance under the threat of imminent injury by a deadly weapon." People v. Lara, 528 P.2d 365, 369 (Cal.1974).
 
 
 10
 Here, Rochell and his accomplice grabbed the victim as he got out of his car, put a revolver to his head and walked him 171 feet to his apartment. Once inside the apartment, Rochell pulled down the victim's pants, bound and gagged him with duct tape and threatened him with a baseball bat while searching his apartment and demanding money. Given these facts, a rational trier of fact could have found that Rochell's movement of the victim was not merely incidental to the commission of the robbery and that it substantially increased the risk of harm to the victim. See Rayford, 884 P.2d at 1382-83; Daniels, 459 P.2d at 238.
 
 III
 Time to Respond
 
 11
 Finally, Rochell contends that he was not given enough time to file a traverse. This contention is belied by the record.
 
 
 12
 The record reveals that Rochell requested a twenty-day extension of time to file a traverse and the district court not only granted Rochell's request, but gave him a thirty-day extension of time. Rochell did not move for a further extension of time before filing his thirty-five page traverse. Under these circumstances, Rochell was afforded an adequate opportunity to respond.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Rochell's contentions that the trial court erred by not staying his sentence on the firearm enhancement and by denying Rochell's request to strike information from the probation report. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal"), cert. denied, 115 S.Ct. 1378 (1995)